UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

REVEL ZAIN                                                                                PLAINTIFF

v.                                                                              CIVIL ACTION NO. 4:11-CV-P18-M

HUGH MCCORMICK *et al.*                                                     DEFENDANTS

**MEMORANDUM OPINION**

Plaintiff, Revel Zain, acting without the assistance of counsel, filed this action pursuant to 42 U.S.C. § 1983. He is a convicted inmate currently incarcerated at the Henderson County Detention Center. This matter is before the Court for *sua sponte* screening of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, Plaintiff's claims will be dismissed.

**I. STANDARD OF REVIEW**

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, -- U.S. -- , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. FACTS

Plaintiff has filed this action against Henderson County and four of its employees: Hugh McCormick, Ron Herrington, Colonel Rollings, and Mitzi Weber. He sues the four employees

2

in both their individual and official capacities.

Plaintiff alleges that the commissary at the Henderson County Detention Center sells items such as coffee, hot chocolate, ramen noodles, chili pouches, and other "food and drink products that must be use[d] with hot water." He states that currently the only way for inmates to obtain hot water is "to use bacteria infested water from the shower and toilet sink." He wants to be provided with a hot pot or other way to obtain hot water for cooking the commissary foods. In the alternative, he requests that the commissary stop selling products that require hot water.

He appears to maintain that not allowing inmates access to a way to heat water for cooking (outside of sink or shower water) violates the Eighth Amendment right to be free from cruel and unusual punishment. He also suggests his rights have been violated because he is a convicted inmate and convicted inmates held in state-run facilities have a way to heat water for cooking commissary items.

### III. ANALYSIS

Plaintiff brought suit under 42 U.S.C. § 1983. Section 1983 provides a federal forum for injured parties to seek a remedy for the deprivation of their civil liberties. 42 U.S.C. § 1983; *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). To state a valid § 1983 claim, a plaintiff must establish that: (1) he was deprived of a right secured by the Constitution or the laws of the United States, and (2) the deprivation was caused by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail. *Id.*

### A. Claims against individual defendants

#### 1. Hugh McCormick

Defendant McCormick is the Judge Executive of Henderson County. He is named in the party section of Plaintiff's complaint. However, he is not mentioned anywhere else in the complaint.

In order to assert a cognizable §1983 claim, a plaintiff must allege specific facts. *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986). The required facts must provide adequate detail to support the claim, such as specific incidents of deprivation of a plaintiff's rights, how each defendant was involved, the names of other persons involved, dates, and places. The specific facts must also explain how the plaintiff himself was personally injured by the challenged conduct or condition, *Cotner v. Hopkins*, 795 F.2d 900, 902 (10th Cir. 1986), and how each defendant is responsible for the alleged injuries. *Smith v. Rowe*, 761 F.2d 360, 369 (7th Cir. 1985). Allegations premised upon mere conclusions and opinions fail to state an adequate claim, *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987), and bare and conclusory allegations that a defendant personally deprived the plaintiff of constitutional or statutory rights are insufficient to state a cognizable claim. *Hall v. United States*, 704 F.2d 246, 251 (6th Cir. 1983).

Furthermore, a complaint filed under § 1983 must also show a causal connection between the named defendants and the alleged constitutional deprivation. A § 1983 complaint must allege that specific conduct by the defendants was the proximate cause of the constitutional injury. "Congress did not intend § 1983 liability to attach where causation is absent." *Deaton v. Montgomery County*, 989 F.2d 885, 889 (6th Cir. 1993). To establish causation, a plaintiff must adduce "an affirmative link . . . [a] moving force that animated the behavior . . . that resulted in

the constitutional violations alleged." *Id.* When the theory of causation is a matter of pure speculation and is nothing more than an hypothetical argument, the pleadings are insufficient to sustain a compensable § 1983 claim. *Horn by Parks v. Madison County Fiscal Court*, 22 F.3d 653, 659 (6th Cir. 1994).

Additionally, Plaintiff cannot hold Defendant McCormick simply because he may have exercised supervisory control over the persons Plaintiff claims violated his rights. "Respondeat superior is not a proper basis for liability under § 1983." *McQueen v. Beecher Cmty. Schs.*, 433 F.3d 460, 470 (6th Cir. 2006). "Nor can the liability of supervisors be based solely on the right to control employees, or simple awareness of employees' misconduct." *Id.* (internal quotations omitted). "In order for supervisory liability to attach, a plaintiff must prove that the official 'did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on.'" *Loy v. Sexton*, 132 F. App'x 624, 626 (6th Cir. 2005) (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). In other words, "liability under § 1983 must be based on active unconstitutional behavior." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir.1999).

Other than listing Defendant McCormick as a party, Plaintiff fails to mention him elsewhere in the complaint. Because Plaintiff fails to set forth any specific facts with respect to Defendant McCormick, the complaint must be dismissed against him.

### 2. Defendants Herrington, Rollings, and Weber

Plaintiff's complaint indicates that these Defendants were involved in denying Plaintiff's grievances.

There is "no constitutionally protected due process interest in unfettered access to a prison grievance procedure." *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005). By the same token, a plaintiff cannot maintain a claim against a prison official based

5

solely on his or her denial of the plaintiff's grievance. "The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir.1999)). "The mere denial of a prisoner's grievance states no claim of constitutional dimension." *Alder v. Corr. Med. Servs.*, 73 F. App'x 839, 841 (6th Cir. 2003). A plaintiff's claim is against the subjects of his grievances, not those who merely decided whether to grant or deny the grievances. *See Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006) ("Skinner's complaint regarding Wolfenbarger's denial of Skinner's grievance appeal, it is clear, fails to state a claim."); *Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001) ("The denial of the grievance is not the same as the denial of a request to receive medical care."); *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance."); *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (same); *Simpson v. Overton*, 79 F. App'x 117, 120 (6th Cir. 2003) ("[T]he denial of an appeal cannot in itself constitute sufficient personal involvement to state a claim for a constitutional violation."). Thus, where the only allegation against a defendant relates to the denial of a grievance, a plaintiff fails to allege any personal involvement by the defendant.

Because Plaintiff's allegations against Defendants Herrington, Rollings, and Weber arise out of their decisions to deny Plaintiff's administrative grievances, Plaintiff has failed to state a claim against them in their individual capacities.

**B.      Official-capacity claims and claims against Henderson County**

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166

(1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Plaintiff's official-capacity claims against Defendants McCormick, Herrington, Rollings, and Weber are, therefore, treated the same as his claim against Henderson County. *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county).

Under *Monell*, the Supreme Court held that civil rights plaintiffs suing a municipal entity under 42 U.S.C. § 1983 must show that their injury was caused by a municipal policy or custom. A county is considered a municipal entity for the purposes of § 1983. *L.A. County v. Humphries*, - - U.S.- -,131 S. Ct. 447, 178 L. Ed. 2d 460 (2010). Thus, to state a viable claim against Henderson County, Plaintiff would have had to allege a policy or custom of Henderson County caused or contributed to the constitutional violations that he complains about in this action.

Upon review of Plaintiff's complaint, the Court finds that Plaintiff has alleged two "policies" that he claims violate his rights: 1) the restriction against a hot pot or other way for prisoners to heat water; and 2) allowing the commissary to sell items that require heating by hot water when the only way to obtain water is from the shower or sink.

"[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). The Eighth Amendment prohibits conditions of confinement that involve the wanton and unnecessary infliction of pain. *Rhodes v. Chapman*, 452 U.S. 337, 347-48 (1981). But conditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional. To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society. The Amendment prohibits, therefore, only those conditions that deny the "minimal civilized measure of life's

necessities." *Id.* at 347; *Hadix v. Johnson*, 367 F.3d 513 (6th Cir.2004). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348. Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987).

Plaintiff has not alleged that he is denied of all food or that the food he is served by the Henderson County Detention Center is inadequate to meet his nutritional needs. His allegations amount solely to his claim that he is not able to cook the extra items he voluntarily purchases at the commissary in a manner that is pleasing to him. The allegations do not rise to the level of a constitutional violation.

Additionally, Plaintiff's averment that prisoners in other facilities have the ability to heat food fails to state a claim. There is no federal constitutional right for prisoners across a state to be treated in the same manner or to receive identical privileges.

Finally, there is no federal constitutional right to be able to purchase (or not purchase) items from a commissary. *See, e.g.*, *McKinnie v. Colvert*, No. 4:08-CV-P18-M, 2008 U.S. Dist. LEXIS 92537 at *7 (W.D. Ky. Nov. 13, 2008) (citing *Tokar v. Armontrout*, 97 F.3d 1078, 1083 (8th Cir. 1996)) ("[W]e note that we know of no constitutional right of access to a prison gift or snack shop.").

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's complaint will be dismissed in its entirety by separate Order.

Date:

cc: Plaintiff, *pro se*

4413.008